HENRY C. WOLGAST, Appellee, vs. ETTA MEINERS et al.—
(MAGGIE LAVOIE et al. Appellants.)

*Opinion filed June 18, 1925.*

PRACTICE—*denial of a motion to dismiss appeal is not a final order.* A denial of a motion in the circuit court to dismiss an appeal from an order of the county court refusing to probate a will is not a final adjudication where the appeal is heard and the will admitted to probate but is an interlocutory order, and no appeal will lie from such order to the Supreme Court.

APPEAL from the Circuit Court of Iroquois county; the Hon. FRANK L. HOOPER, Judge, presiding.

C. E. BEACH, and NELLY B. KESSLER, (LUTHER B. BRATTON, of counsel,) for appellants.

STEPHEN C. MALO, (CLAUDE N. SAUM, guardian *ad litem,*) for appellee.

Mr. JUSTICE FARMER delivered the opinion of the court:

September 29, 1924, the county court of Iroquois county entered an order and judgment refusing to admit to probate the last will and testament of John H. Meiners, deceased. The executor prayed an appeal to the circuit court and on the 10th day of October filed his bond with the county clerk. October 14 the county clerk certified to the transcript of the proceeding in the county court and delivered the transcript to one of the attorneys of the executor, who on the same day filed the transcript with the clerk of the circuit court and paid the clerk of that court the filing fee of five dollars provided by law. On November 13 the widow and heirs of the testator entered their motion, in writing, to dismiss the appeal on the ground that the filing fee had not been paid to the county court or the clerk of that court. The motion to dismiss the appeal was denied, the appeal tried, and on December 8 the will was ordered admitted to probate. No appeal appears to have been taken

from that order, but Maggie Lavoie and Jessie Guthrie, two of the children of testator, have prosecuted this appeal from the order denying the motion to dismiss the appeal.

The decision of the court denying the motion to dismiss the appeal was not a final adjudication between the parties and no appeal could be taken from that interlocutory order. (*Chicago Terminal Railroad Co.* v. *Preucil,* 236 Ill. 491.) The appeal is therefore dismissed.          *Appeal dismissed.*